**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**HUDSON FARMS, INC., Respondent.**

No. 82–1038.

United States Court of Appeals, Eighth Circuit.

Submitted June 15, 1982.

Decided July 1, 1982.

---

Elliott Moore, Deputy Associate General Counsel, William R. Stewart, Deputy Asst. General Counsel, P. Dawn Sikkema, William A. Lubbers, General Counsel, John E. Higgins, Jr., Deputy General Counsel, Robert E. Allen, Acting Associate General Counsel, Washington, D. C., for National Labor Relations Board.

Hugo Swan, Jr., Gilker & Swan, Fort Smith, Ark., for respondent, Hudson Farms, Inc.

Before HEANEY, Circuit Judge, MILLER,* Judge, and COLLINSON,** Senior District Judge.

PER CURIAM.

This case is before the Court on the application of the National Labor Relations Board, pursuant to Section 10(e) of the National Labor Relations Act, 29 U.S.C. § 151 et seq., for enforcement of its order issued on September 30, 1981, against Hudson Farms, Inc., 258 NLRB No. 49 (1981). The Board found that Hudson Farms violated Sections 8(a)(5) and (1) of the Act by refusing to bargain with the General Drivers and Helpers Union, Local 823, which had been certified as the bargaining representative for the company's truck drivers and yard workers. It ordered Hudson Farms to cease and desist from refusing to bargain with the Union, or otherwise violating the employees' Section 7 rights, and directed the company to bargain with the Union upon request.

Hudson Farms, an integrated poultry producer, employs truck drivers and yard workers to transport its poultry between independent contract growers, which raise the chickens to market weight, and the company's processing plant. Hudson Farms contends that these employees are "agricultural laborers" who are exempt from the Act's coverage under the meaning of Section 2(3). Accordingly, the company argues that the Board's bargaining order should be denied enforcement because the Union includes these truck drivers and yard workers who are exempt from the Act's coverage.

The sole question presented here is whether Hudson Farms' truck drivers and yard workers are "employees" or "agricultural laborer[s]" within the meaning of Section 2(3) of the Act. This issue is controlled by Valmac Industries v. NLRB, 599 F.2d 246, 248–249 (8th Cir. 1979). In Valmac Industries v. NLRB, supra, 599 F.2d at 249, this Court, relying on Bayside Enterprises, Inc. v. NLRB, 429 U.S. 298, 97 S.Ct. 576, 50 L.Ed.2d 494 (1977), held that employees who transported live poultry from an independent grower's farm to their employers' processing plant were "employees" not "agricultural laborer[s]" under the Act.

Accordingly, on the basis of Bayside Enterprises, Inc. v. NLRB, supra, and Valmac Industries, Inc. v. NLRB, supra, and the evidence as a whole, we hold that the Board's determination that Hudson Farms' truck drivers and yard workers are "employees," rather than "agricultural laborer[s]," under Section 2(3) of the Act is warranted by the record and has a reasonable basis in law. The Board, therefore, properly determined that Hudson Farms violated Section 8(a)(5) and (1) of the Act, and its order is enforced.

* The HONORABLE JACK R. MILLER, Judge for the United States Court of Customs and Patent Appeals, sitting by designation.

** The HONORABLE WILLIAM R. COLLINSON, Senior District Judge for the United States District Court for the Western District of Missouri, sitting by designation.